# STATE BOARD OF LAW EXAMINERS v. ERNEST S. CARY.[1]

### August 5, 1910.

### Nos. 16,509—(37).

**Misconduct of attorney.**

> [Attorney suspended from practice for two years because of unprofessional conduct. Reporter.]

Accusation by the state board of law examiners against Ernest S. Cary for wilful misconduct in his profession, and petition that he be removed from his office as attorney at law. The accusation charged that:

In May, 1905, one John Kolb was convicted of crime in the district court for Anoka county and sentenced to a long term of imprisonment in state prison; that during the months of May and June of that year the father of John met the accused and had several inter-

[1] Reported in 127 N. W. 466.

views with him; at these interviews the accused assured the father that errors had occurred at the trial, which, if properly presented upon motion for a new trial, would result in a second trial; the accused was possessed of facts which, if he was employed, he would present to the court and were sufficient to secure the acquittal of the son; in order to move for a new trial it would be necessary to obtain a transcript of the evidence upon the former trial, which would cost $250; relying upon these statements the father paid accused $250 to procure the transcript, and paid an additional sum of $525 for his services as attorney in the case; the accused did not procure the transcript, but appropriated the $250 to his own use, neither had he any knowledge of new and additional evidence, which if used could procure the acquittal of Kolb, which was known to him when he accepted the $525; no new trial was obtained; the father, having demanded the money advanced to accused for the purpose of prosecuting the suit and being unable to obtain it, commenced suit against him and obtained judgment for $299.44.

On July 7, 1906, one Theresse Thiel employed the accused to prosecute an action for divorce for her and paid him on account of a retainer the sum of $25; thereafter accused represented to Mrs. Thiel that in order to investigate certain property supposed to belong to her husband, it was necessary for him to go to Duluth and Hibbing, which he would do for $20; after having been paid the $20 accused never made the trip and refused to return the money.

On June 1, 1906, one Charles J. Olson was a prisoner in the county jail of Hennepin county awaiting trial, in default of bail to the amount of about $200; his sister Thyra obtained from her mother and stepfather a note for $200, and a mortgage upon their real estate securing the same, and delivered the note and mortgage to accused to be cashed at a certain bank in Minneapolis and use the money in procuring the bail; thereafter the sister finding that if her brother was released on bail, he would be arrested on another charge, immediately notified the bank not to cash the note and mortgage; the accused refused to return the papers and afterwards filled in his own name in the note and as mortgagee in the mortgage and sold the same for about $185, which money he appropriated to his own use.

The conduct of accused, when engaged in the trial of cases in court, has been frequently ungentlemanly, unprofessional, disrespectful and insulting to the attorneys upon the opposing side, and unprofessional, disrespectful and insulting toward the judges presiding at such trials; on two separate occasions the accused was found guilty of contempt and either fined or sentenced to confinement in jail by the presiding judge.

On the trial the accused appeared in person and objected to the first charge set forth in the petition, and it being agreed that his objection might be considered at the final hearing, he entered an oral plea of not guilty. The court appointed a referee to take testimony, and the evidence was thereafter reported to this court. Ordered that the accused be suspended from his office as attorney and counselor at law in the courts of this state for the period of two years.

*E. Southworth,* for petitioner.

*A. B. Jackson,* for respondent.

PER CURIAM.

Application of the state board of law examiners for the removal of Ernest S. Cary from his office as attorney and counselor in the courts of this state.

Four separate charges were made: (1) The misappropriation of money by respondent, paid to him for a specific purpose. (2) The receipt of money for a particular service, which service was not rendered. (3) Deception in respect to a real estate mortgage executed and delivered to him for the purpose of securing bondsmen for the release of a person imprisoned on a criminal charge; the mortgage not having been used for that purpose, but, on the contrary, negotiated by respondent and the proceeds applied to his personal affairs. (4) Unprofessional, disrespectful and contemptuous conduct toward trial judges before whom he was engaged in conducting litigation.

After a full and careful examination of the record, together with the arguments of counsel, we find respondent guilty of misconduct in the respects charged in the first, third, and fourth specifications just mentioned.

It is therefore ordered that respondent, Ernest S. Cary, be, and he hereby is, suspended from his office as attorney and counselor at law in the courts of this state for the period of two years from the filing of this order.